[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Jeannette Molleur ("Plaintiff") brings this action to enjoin Vincent and Cathy Arcello ("Defendants") from using a right of travel, otherwise known as Molleur Road, which exists within the "Shore Acres" subdivision in Portsmouth, Rhode Island, wherein the respective parties reside. By agreement of the parties the trial of the action on the merits was consolidated into the hearing on application for a preliminary injunction.
It is uncontroverted that the Plaintiffs, owners of lots 18 and 19 in the "Shore Acres" subdivision, have fee ownership of that portion of Molleur Road which crosses over their property. However the Defendants, owners of lot 14, which abuts the right of way in question on its easterly boundary line, claim to have the benefit of an easement which enables them to travel over the right of way in order to access their property.
In deciding on whether an injunction will issue, this court must survey the facts and apply the traditional tests for equitable relief. This involves evaluating the probability of success on the merits, balancing the equities, weighing the hardships of either side, and examining the practicality of imposing the desired relief. R.I. Turnpike Bridge Authorityv. Cohen, 433 A.2d 179 (R.I. 1981). The complaining party must also show that irreparable injury will result if the injunction is not granted. Id. at 182.
In determining the rights of the parties in this case, the court must focus on the intent of the grantor at the time the subdivision was established. The subdivision was created in May of 1947 by the owners of the property, Michael and Beatrice Murphy. The Murphys conveyed lots 18 and 19 to Plaintiff that same year and they conveyed lots 14 and 15 to Joseph and Anna Kirwin. The Kirwins then sold lot 14 to Annu Ueda and Masako Walsh by deed dated September 26, 1983. Ueda and Walsh subsequently conveyed lot 14 to the Defendants by deed dated May 27, 1988.
The plat map indicates that two rights of travel were included within the subdivision by the original grantors, the Murphys.[1] Consequently, a critical issue to be decided by the court concerns whether the middle lot owners (i.e., those owning properties located between Molleur Road and Kirduglyn Road), which includes the Defendants, were intended to enjoy the benefits of both rights of travel. One expert witness testified with respect to the two rights of way. That expert was the Defendants' title attorney at the time they purchased their lot. He indicated that the lots which were established by the original grantor all had unity of title when the subdivision was created. He also testified that this scheme suggests an intent on the part of the grantor that all lot owners be entitled to access the rights of travel and not merely those owners who have portions of these roads passing through their lots. The court finds this testimony to be persuasive. Furthermore, in the court's opinion, such a conclusion is a logical manner by which to reconcile the existence of two rights of travel within a common development absent any pertinent restrictions on the original deeds.
Consequently, the court rejects the contention that the middle lot owners in the subdivision, inclusive of the owners of lot 14, are somehow limited solely to the use of Kirduglyn Road simply because a portion of that road encroaches on their properties. Moreover, the court finds it unreasonable to assume that the original grantor did not intend for all lot owners to benefit from both rights of travel, absent some express provision purporting to limit the use of Molleur Road to only those lots which abut the easterly side of the subdivision. Indeed, the record is devoid of any evidence indicating that any such restiction actually exists.
This conclusion is buttressed by the conduct of both the Plaintiffs and other lot owners in the subdivision. In particular, the Plaintiffs permit the owner of lot 13 to use Molleur Road in order to gain access to that lot. Although Plaintiffs assert that such use is permitted because the owner of lot 13 also happens to own lot 20, a portion of which Molleur Road passes through and all of which is undeveloped. In effect, however, the owner of lots 13 and 20 uses Molleur Road to access lot 13. As a practical matter, the court is of the opinion that the use of Molleur Road to access lot 13, a lot through which Molleur Road does not pass, in no way differs from the use of the road by the Defendants.
The foregoing findings of fact aside, the testimony given by the Portsmouth Town Solicitor in regard to the types of roadways which are recognized in Portsmouth was also left unchallenged by the Plaintiff. The Solicitor indicated that there are three types of roads in Portsmouth: public approved roads, public roads which have not been formally approved, and roads which are altogether private. In regard to the status of Molleur Road, there was evidence presented which shows that the town of Portsmouth plows and salts the road in the wintertime, and that the town also does other necessary repair and grading of the road. The Solicitor testified that this road has for years been treated as a public right of way and was named Molleur Road with a town-made sign, which was installed by the town at the request of the Plaintiff herself. Although certain lot owners on the easterly side of Molleur Road, including the Plaintiff, occasionally contribute dirt and material to maintainance of said road, that fact by itself does not limit the public's right to travel over the road. The town solicitor also noted that there is a municipal sign at the entrance of Molleur Road which reads, "not a through street," further evidencing the notion that it is a public way.[2]
Additional support for the conclusion that Molleur Road is a public right of way can be drawn from a letter from the Town Solicitor to the town Building Inspector in regard to the issuance of a building permit for a driveway on lot 14. In this letter, the Solicitor expressed his view that Molleur Road could be used to access the driveway. The Solicitor also indicated that besides there being no objection to the use of Molleur Road for purposes of the installation of a driveway, the Town has always treated Molleur Road as a public road which has not been formally accepted into its highway system.
Based on the above findings the court determines that the evidence is clear and convincing that the Defendants are entitled to use Molleur Road to access their lot. It is abundantly clear that the roads were created at the time of subdivision for the benefit of all persons owning lots within the subdivision. Moreover, the evidence is compelling that Molleur Road is a public road that has not been formally accepted but is nevertheless available for use by the public generally.
Accordingly, the Plaintiff's request for an injunction barring the Defendants' use of Molleur Road is denied. Counsel will prepare an order in conformity with this decision.
[EDITORS' NOTE: EXHIBIT B IS ELECTRONICALLY NON-TRANSFERRABLE.]
[1] A copy of the plat map is appended to the decision.
[2] The Court granted Plaintiff's motion to reopen to permit a portion of the minutes of the Town Council meeting of June 24, 1974 to be introduced as a full exhibit. Those minutes indicate that the clerk of the council was instructed to send to Plaintiff a letter informing her that Molleur Road was a private way. That conclusion, in light of the other evidence as discussed above much of which relates to events and circumstances that occurred subsequent to 1974, is not persuasive. In fact, for the reasons set forth in the body of this opinion, the evidence is convincing that Molleur Road is in fact a public road which has not been formally approved.